**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LINDSEY WILLIAMS-DIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:18-cv-02313 |
| | ) | |
| v. | ) | JUDGE HELMICK |
| | ) | |
| REPUBLIC SERVICES, | ) | MAGISTRATE JUDGE KNEPP |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Plaintiff's Complaint alleges a violation of the Telephone Consumer Protection Act ("TCPA") on the apparent basis that Republic Services placed informational service calls regarding garbage pickup delays, to a number that he had previously placed on the national do-not-call registry. These allegations fail to assert a claim, and should be dismissed pursuant to Rule 12(b)(6), because the national do-not-call registry only applies to telemarketing phone calls, not the informational service update calls upon which Plaintiff now complains. In the alternative, Republic Services moves for a more definite statement pursuant to Rule 12(e). A memorandum in support of this motion is attached hereto.

Respectfully submitted,

/s/ *Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
mcduhamel@vorys.com

*Counsel for Defendant Republic Services*

# MEMORANDUM IN SUPPORT

## I. PLED FACTS

Plaintiff filed a single-paged *pro se* complaint that generally alleges that Republic Services violated the Telephone Consumer Protection Act (the "TCPA") "by calling my phone several times." (Compl., ECF No. 1.) The Complaint then alludes to the do-not-call registry: "Even after having my number put on the Do Not Call List, they continued to call" and "Republic Services has called my phone twice since I've been on the Registry." (*Id*.) Lastly, the Complaint addresses the content of the calls: "The call speaks about Garbage Pickup being delayed being delayed [sic] because of a Holiday or some other unforeseen incident at Republic Services." (*Id*.)

Plaintiff's cryptic Complaint can only be read to plead that Republic Services violated the TCPA by calling his phone number after its placement on the national do-not-call registry. However, Plaintiff has failed to state a violation of the TCPA, which provides that the national do-not-call registry only controls telephone solicitations – in other words, telemarketing calls. Purely informational calls (such as these calls regarding service delays) are not subject to the national do-not-call registry. As such, Plaintiff has failed to state a claim under the TCPA, and Republic Services requests that the Complaint be dismissed pursuant to Rule 12(b)(6).

## II. LAW AND ARGUMENT

### A. Plaintiff's Complaint Must Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim

"To survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must allege enough facts to 'raise a right to relief above the speculative level.'" *Elmer v. S.H. Bell Co.*, 127 F. Supp. 3d 812, 819 (N.D. Ohio 2015) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "Claims set forth in the complaint must be plausible, rather than conceivable."

*Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555-56.

It appears from the face of the Complaint that Plaintiff is asserting a claim under the TCPA's prohibition against making telephone solicitations to numbers registered on the national do-not-call registry. The pertinent section of the TCPA's implementing regulations provide that:

> (c) No person or entity shall initiate any ***telephone solicitation*** to:
>
> > (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government….

47 CFR 64.1200(c) (emphasis added). A "telephone solicitation" is defined by both the statutory language and the implementing regulations as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person…" 47 U.S.C. § 227(a)(4); 47 CFR 64.1200(f)(14).

Authorities are clear that adherence to the national do-not-call registry is simply inapplicable to informational, non-solicitation telephone calls. *Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 n.3 (D. Colo. 2014) ("Only telephone solicitations as defined in section 227(a)(3) are governed by the national [do-not-call] list. Informational calls are not included in the [do-not-call] type of calls."); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 2003 FCC LEXIS 3673, *66 (F.C.C. June 26, 2003) ("We also note that calls

that do not fall within the definition of 'telephone solicitation' as defined in section 227(a)(3) will not be precluded by the national do-not-call list.").[1]

Plaintiff's complaint does not allege that any of the identified calls encouraged him to purchase services from Republic Services, and would therefore be properly classified as a telephone solicitation subject to the national do-not-call registry. To the contrary, the Complaint alleges that Plaintiff received strictly informational calls: "The call speaks about Garbage Pickup being delayed being delayed [sic] because of a Holiday or some other unforeseen incident at Republic Services." (Compl.) *See Morris v. Unitedhealthcare Ins. Co.*, No. 4:15-CV-00638-ALM-CAN, 2016 U.S. Dist. LEXIS 168288, at *25 (E.D. Tex. Nov. 8, 2016) (calls to inform insureds that "they qualified for a benefit that was already covered by their current insurance plans," "do not encourage or solicit the purchase of any goods or services" and are not subject to the TCPA's do-not-call prohibition); *Alleman v. Yellowbook*, No. 12-cv-1300-DRH-PMF, 2013 U.S. Dist. LEXIS 127212, at *17 (S.D. Ill. Sep. 6, 2013) (A call "to confirm the caller's receipt of the free Yellowbook directory" is not a telephone solicitation under the TCPA.).

Because the Complaint does not allege that Republic Services placed a telephone solicitation subject to the national do-not-call registry, Republic Services respectfully requests that the action be dismissed pursuant to Rule 12(b)(6).

## III. CONCLUSION

For the foregoing reasons, Republic Services respectfully requests that the Complaint be dismissed pursuant to Rule 12(b)(6), or, in the alternative, that Plaintiff be ordered to provide a more definite statement pursuant to Rule 12(e).

---

[1] The definition of a telephone solicitation has been moved to 47 USC 227(a)(4), but the definition has remained unchanged.

Respectfully submitted,

/s/ *Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
Phone: (216) 479-6100
Fax: (216) 479-6060
mcduhamel@vorys.com

*Counsel for Defendant Republic Services*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2019, the foregoing was served via U.S. Mail, postage prepaid on the following:

Lindsey Williams-Diggins
5841 Dorr Street, Apt. 2
Toledo, Ohio 43615

/s/ *Marcel C. Duhamel*