IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lindsey Williams-Diggins,

Plaintiff,

-vs-

Republic Services,

Defendant.

Case No. 3:18 CV 2313

ORDER DISMISSING COMPLAINT

JUDGE JACK ZOUHARY

## INTRODUCTION

Plaintiff *pro se* Lindsey Williams-Diggins filed a Complaint (Doc. 1) against Defendant Republic Services under the Telephone Consumer Protection Act (TCPA). Republic moved to dismiss (Doc. 6), Plaintiff responded with a Motion to Proceed with Case (Doc. 8), and Republic replied (Doc. 10). This Court held a record hearing on April 15, 2019. Counsel and parties present by phone: Plaintiff *pro se* Lindsey Williams-Diggins; Marcel Duhamel and Christopher Wager for Defendant Republic Services. Court Reporter: Angela Nixon.

Plaintiff complains of automated telephone calls Plaintiff received from Republic. The purpose of these calls was to notify Republic's customers of interruptions in garbage collection service (Doc. 1 at 1). Plaintiff, however, is not, and never has been, a Republic customer. Plaintiff started receiving the phone calls two years ago, around the same time that Plaintiff acquired a new telephone number (Hrg. Tr. at 2). After "a lot of effort on [Plaintiff's] behalf to get them to stop," including registering for the national do-not-call registry, the calls have since stopped (*id.* at 6; Doc. 1 at 1).

## DISCUSSION

To survive a motion to dismiss under Federal Civil Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." To meet this standard, a complaint must allege enough facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007). Although this Court construes *pro se* pleadings liberally, *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), this leniency has limits, *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). A *pro se* plaintiff still must allege "more than bare assertions of legal conclusions" to satisfy federal pleading requirements. *Id.* (citation omitted). This Court need not "conjure up unpleaded facts to support conclusory allegations" in a *pro se* complaint. *Id.* (citation omitted).

The basis for Defendant's Motion to Dismiss is that Plaintiff's claim does not fall within the TCPA. The TCPA prohibits companies from making telephone solicitations to numbers registered on the national do-no-call registry. The relevant section of the TCPA's implementing regulations, 47 C.F.R. § 64.1200(c)(2), provides:

> (c) No person or entity shall initiate any *telephone solicitation* to: . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive *telephone solicitations* that is maintained by the Federal Government . . . .

*Id.* (emphasis added). The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person . . . ." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14). Informational, non-solicitation telephone calls to numbers on the do-not-call registry do not violate the TCPA. *See Warnick v. Dish Network LLC*, 301 F.R.D. 551, 558 n.3

(D. Colo. 2014) ("[O]nly telephone solicitations . . . are governed by the national [do-not-call] list. Informational calls are not included in the [do-not-call] type of calls.").

The Complaint does not allege that any telephone solicitations occurred. Although it alleges that Plaintiff received telephone calls from Republic, it states that the purpose of the calls was to inform, not to solicit business (*see* Doc. 1 at 1). There is no allegation that the phone calls were to encourage Plaintiff to purchase services. Thus, the TCPA does not apply.

## CONCLUSION

The Complaint does not state a claim upon which relief can be granted. The Motion to Dismiss (Doc. 6) is granted, and the Motion to Proceed with Case (Doc. 8) is denied. Under Federal Civil Rule 12(b)(6), this action is dismissed. This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 25, 2019